**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| COURTLAND JUSTIN WRIGHT, | CASE NO. 5:18 CV 1490 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| v. | |
| TAMARA O'BRIEN, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

*Pro se* Plaintiff Courtland Justin Wright filed this action under 42 U.S.C. § 1985 against Summit County Common Pleas Court Judge Tamara O'Brien, Assistant Summit County Prosecutor Gregory Peacock, Attorney Joseph Gorman, and Attorney Walter T. Madison. In the Complaint, Plaintiff appears to contest his conviction in the Summit County Court of Common Pleas. He provides very few factual allegations, stating only that the Defendants conspired together to violate his civil rights. He seeks monetary relief and a declaration from this Court that he is being detained on a conviction that violated his Fourth and Fourteenth Amendment rights.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*,

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff is attempting to collaterally attack his state court conviction through this civil rights action. In order to recover damages for allegedly unconstitutional conviction or imprisonment, Plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a

-2-

conviction or sentence that has not been so invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a civil rights suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the Plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against him, the action should be allowed to proceed, in the absence of some other bar to the suit. *Id.*

In this case, Plaintiff indicates an indictment was filed and a summons was issued in violation of the Fourth Amendment. He also asserts his case was bound over to the Common Pleas Court and adjudicated there in violation of his Fourteenth Amendment rights. If these claims were found to have merit, they would call his conviction into question. Plaintiff therefore cannot proceed with these claims unless he also establishes that his conviction was overturned on appeal or by the grant of a habeas petition. He does not allege that either of these events took place. Indeed, he is incarcerated in the Marion Correctional Institution. Consequently, his claims are not cognizable in a civil rights action.

Furthermore, even if Plaintiff's claims would not call his conviction into question, he fails to state a claim for relief under 42 U.S.C. § 1985. This statute has three subsections: (1) prohibiting conspiracies to prevent an officer from performing duties; (2) prohibiting conspiracies to intimidate a party, witness, or juror or to obstruct justice; and (3) prohibiting conspiracies to deprive persons of constitutional rights rights or privileges. For each of these subsections, Plaintiff must show that the Defendants' actions were motivated by some racial, or

class-based discriminatory animus. *Randolph v. Campbell*, 25 Fed.Appx. 261, 264 (6th Cir. 2001) (quotations and citations omitted); *see also Ctr. for Bio–Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007). (an essential element of § 1985(3) is "some class-based discriminatory animus behind the conspirators' action"). Plaintiff has pled nothing that comes close to resembling class-based discriminatory animus. He also failed to plead facts sufficient to support a conspiracy claim. He has not met any of the essential elements for a claim under any subsection of § 1985.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

    S/John R. Adams   12/19/18

JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.